1   CRAIG A. HENDERSON
    Nevada Bar No. 10077
2   BAILEY❖KENNEDY
    8984 Spanish Ridge Avenue
3   Las Vegas, Nevada 89148
    (702) 562-8820 Telephone
4   (702) 562-8821 Facsimile
    CHenderson@BaileyKennedy.com
5
    Attorneys for Plaintiffs
6   BEL AIR GRAND HOLDINGS, LLC,
    THE JRB-TAT BAILEY FAMILY TRUST
7   and JOHN R. BAILEY, P.C.

8                   UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

10

11  BEL AIR GRAND HOLDINGS, LLC, a       )
    Nevada limited liability company; The JRB-  )   Case No.: 2:10-cv-00063-JCM-LRL
12  TAT BAILEY FAMILY TRUST, a Nevada    )
    trust; and JOHN R. BAILEY, P.C., a Nevada  )
13  professional corporation,            )
                                         )
14                  Plaintiffs,          )
                                         )
15          vs.                          )   **TEMPORARY RESTRAINING
                                         )   ORDER AND ORDER SETTING
16                                       )   BRIEFING SCHEDULE FOR
    FEDERAL DEPOSIT INSURANCE            )   MOTION FOR PRELIMINARY
17  CORPORATION, as Receiver for         )   INJUNCTION**
    COMMUNITY BANK OF NEVADA,            )
18                                       )
                    Defendant.           )
19

20          Plaintiffs Bel Air Grand Holdings, LLC ("BAGH"), The JRB-TAT Bailey Family Trust,

21  and John R. Bailey, P.C.'s (collectively "Plaintiffs") Emergency Motion for Temporary

22  Restraining Order and for Preliminary Injunction (the "Motion"), having been filed with this

23  Court on June 29, 2010; notice of the Motion and the Motion having been served on James

24  MacRobbie, Esq., of SYLVESTER & POLEDNAK, LTD., counsel for Defendant Federal Deposit

25  Insurance Corporation ("FDIC") via e-mail on June 29, 2010; and the Court, having reviewed the

    pleadings and papers on file herein, at this stage of the proceedings, finds that:

1.     In or around February 2007, BAGH obtained a loan from Community Bank of Nevada predecessor-in-interest to Defendant FDIC (the "Bank) (Loan No. 9011020396) (the "Spanish Ridge 1 Loan"), for the purchase of commercial real property located at 8984 Spanish Ridge, Las Vegas, Nevada (the "Spanish Ridge Property").

2.     The Spanish Ridge 1 Loan was evidenced by a promissory note.

3.     The Spanish Ridge 1 Loan was secured by a first deed of trust on the Spanish Ridge Property.

4.     The Spanish Ridge 1 Loan was guaranteed by BAGH's manager, John R. Bailey ("Bailey") and Plaintiff The JRB-TAT Bailey Family Trust (the "Trust").

5.     The terms of the Spanish Ridge 1 Loan included a principal amount of $2.8 million, with a fixed interest rate of 6.85% per annum, with 119 monthly payments of $19,696.07 and a balloon payment of approximately $2,218,540.97.

6.     On August 14, 2009, due to the Bank's insolvency, the Bank was closed by the Nevada Financial Institutions Division, and Defendant FDIC was appointed as the Bank's receiver (the "Takeover").

7.     The FDIC, through counsel, represented that even if Plaintiffs were awarded damages on their claims, that they would not be entitled to a monetary payment from the FDIC, but instead would be entitled to a Trustee's Certificate that would have to be redeemed against the (now insolvent) Bank.

8.     Following the Takeover, BAGH paid the FDIC $39,392.14 (on or about October 15, 2009) on the Spanish Ridge 1 Loan for the months of September and October 2009 as well as $984.80 for late charges.

9.     BAGH has not made a payment to the FDIC since the October 15, 2009 payment.

10.    On May 24, 2010, the FDIC recorded a Notice of Breach and Election to Sell Under Deed of Trust on the Spanish Ridge Property ("Notice of Breach") evidencing the FDIC's

1    intention to foreclose on the Spanish Ridge 1 Property. (maybe something in here about no

2    amount to cure/redeem included in notice)

3         11.     Shortly thereafter, BAGH, through its manager, requested and obtained a

4    Redemption Worksheet from Nevada Title Company for the Spanish Ridge 1 Loan.

5         12.     The Redemption Worksheet indicates that BAGH would have to pay a cure

6    amount of $316,977.56 in order to bring the Spanish Ridge 1 Loan current.

7         13.     On June 11, 2010, the FDIC sent BAGH a Loan Payment Notice.

8         14.     The Loan Payment Notice states that a cure amount of $205,823.90 would be

9    required by BAGH in order to bring the Spanish Ridge 1 Loan current.

10        15.     Neither of these amounts appears to take into account the payment made by

11   BAGH on October 15, 2009, and they indicate an internal discrepancy of over $100,000 by the

12   FDIC with respect to the cure amount for the Spanish Ridge 1 Loan.

13        16.     It is BAGH's position that the actual cure amount required to bring the Spanish

14   Ridge 1 Loan current is $166,440.76.

15        17.     Although BAGH has requested that the FDIC provide the actual cure amount, the

16   FDIC has not done so.

17        18.     NRS 107.080(3)(a) provides in part that a lender may not accelerate a loan

18   secured by real property until 35 days after a notice of breach and election to sell has been

19   recorded and sent to the borrower.

20        19.     NRS 107.080(3) requires in part that the notice of breach and election to sell

21   "describe the deficiency in performance or payment and may contain a notice of intent to declare

22   the entire unpaid balance due if acceleration is permitted by the obligation secured by the deed of

23   trust. . . ."

24

25

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

20.     Because the FDIC has not provided BAGH with the amount required to bring the Spanish Ridge 1 Loan current, its appears that the FDIC is attempting to collect money it is not owed and improperly accelerate the Spanish Ridge 1 Loan.

21.     In light of the FDIC's representation that BAGH, and the other Plaintiffs, will be entitled to recover a Trustee's Certificate for redemption against the now insolvent Bank, as opposed to money damages in the event Plaintiffs are entitled to damages, BAGH will suffer irreparable harm if it is forced to pay funds above and beyond those contractually required to bring the Spanish Ridge 1 Loan current.

22.     The balance of hardships weighs in favor of BAGH because as the beneficiary of the Spanish Ridge 1 Loan deed of trust, the FDIC is required under NRS 107.080 to provide BAGH with the proper cure amount required to bring the Spanish Ridge 1 Loan current.

23.     The court further finds that the sum of $166,440.76 shall be adequate security for the payment of such costs and damages as may be incurred or suffered by any party who is found to have wrongfully enjoined by this Order.

Good cause appearing, it is

ORDERED that Plaintiffs' Emergency Motion for a Temporary Restraining Order be and the same is granted.  And it is further

ORDERED, until further order of this Court or expiration of this order, whichever comes first, that Defendant Federal Deposit Insurance Corporation is enjoined from accelerating the principal amount due under the Spanish Ridge 1 Loan ((Loan No. 9011020396)).  And it is further

ORDERED that, as a precondition to the effect of this Temporary Restraining Order, Plaintiffs shall post security in the amount of $166,440.76 in cash to be deposited with Nevada Title Company, to then be deposited in an interest bearing account subject to further order of this Court.  And it is further

1    ORDERED that Defendant Federal Deposit Insurance Corporation shall file a Response

2  to Plaintiff's Motion for Preliminary Injunction with this Court on or before the 5th day of

3  July_____ 2010, and that Plaintiffs shall file a Reply in Support of their Motion for

4  Preliminary Injunction this Court on or before the 7th day of July_____ 2010. And it is

5  further

6    ORDERED that this Temporary Restraining Order shall expire by operation of law in ten

7  days unless extended by order of the Court. **PRELIMINARY INJUNCTION HEARING IS SET FOR JULY 9, 2010, AT 11:00 A.M.**

8    ISSUED this 30th day of June, 2010, at 1:35 p.m.

9

10

_____
11  UNITED STATES DISTRICT COURT
JUDGE JAMES C. MAHAN

12

13

Respectfully submitted by:

14  BAILEY❖KENNEDY

15

16  By: _____

17  CRAIG A. HENDERSON

18  Attorneys for Plaintiffs

19

20

21

22

23

24

25