CRAIG A. HENDERSON
Nevada Bar No. 10077
BAILEY❖KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148
(702) 562-8820 Telephone
(702) 562-8821 Facsimile
CHenderson@BaileyKennedy.com

Attorneys for Plaintiffs
BEL AIR GRAND HOLDINGS, LLC;
THE JRB-TAT BAILEY FAMILY TRUST;
and JOHN R. BAILEY, P.C.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BEL AIR GRAND HOLDINGS, LLC, a Nevada limited liability company; The JRB-TAT BAILEY FAMILY TRUST, a Nevada trust; and JOHN R. BAILEY, P.C., a Nevada professional corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for COMMUNITY BANK OF NEVADA,<br><br>Defendants. | Case No.: 2:10-cv-00063-JCM-LRL<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

Plaintiffs Bel Air Grand Holdings, LLC ("BAGH"), The JRB-TAT Bailey Family Trust, and John R. Bailey, P.C.'s (collectively, "Plaintiffs") Emergency Motion for Temporary Restraining Order and for Preliminary Injunction (the "Motion"), having come before this Court on July 9, 2010; Craig A. Henderson, Esq. of BAILEY❖KENNEDY appearing for Plaintiffs; James B. MacRobbie, Esq. of Sylvester & Polednak, Ltd. appearing for Defendant Federal Deposit Insurance Corporation ("FDIC"); and the Court, having reviewed the pleadings and

papers on file herein, and having considered the oral argument of the parties, at this stage of the proceedings, finds that:

1. In or around February 2007, BAGH obtained a loan from Community Bank of Nevada predecessor-in-interest to Defendant FDIC (the "Bank") (Loan No. 9011020396) (the "Spanish Ridge 1 Loan"), for the purchase of commercial real property located at 8984 Spanish Ridge, Las Vegas, Nevada (the "Spanish Ridge Property").

2. The Spanish Ridge 1 Loan was evidenced by a promissory note.

3. The Spanish Ridge 1 Loan was secured by a first deed of trust on the Spanish Ridge Property.

4. The Spanish Ridge 1 Loan was guaranteed by BAGH's manager, John R. Bailey ("Bailey") and Plaintiff The JRB-TAT Bailey Family Trust (the "Trust").

5. The terms of the Spanish Ridge 1 Loan included a principal amount of $2.8 million, with a fixed interest rate of 6.85% per annum, with 119 monthly payments of $19,696.07 and a balloon payment of approximately $2,218,540.97.

6. On August 14, 2009, due to the Bank's insolvency, the Bank was closed by the Nevada Financial Institutions Division, and Defendant FDIC was appointed as the Bank's receiver (the "Takeover").

7. The FDIC, through counsel, represented that even if Plaintiffs were awarded damages on their claims, that they would not be entitled to a monetary payment from the FDIC, but instead would be entitled to a Trustee's Certificate that would have to be redeemed against the (now insolvent) Bank.

8. Following the Takeover, BAGH paid the FDIC $39,392.14 (on or about October 15, 2009) on the Spanish Ridge 1 Loan for the months of September and October 2009 as well as $984.80 for late charges.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

9. The FDIC, through one of its representatives, represented to BAGH in writing that its payment on or about October 15, 2009, in the total amount of $40,376.94, would be applied to the August 2009 and September 2009 Spanish Ridge 1 Loan payments, and further that said payment would bring the Spanish Ridge 1 Loan current as of that time.

10. BAGH has not made a payment to the FDIC since the October 15, 2009 payment.

11. Prior to April 12, 2010, the FDIC did not evidence any intention to assess default interest against BAGH on the Spanish Ridge 1 Loan or otherwise put BAGH on notice that the FDIC was exercising its option to assess default interest against BAGH.

12. On May 24, 2010, the FDIC recorded a Notice of Breach and Election to Sell Under Deed of Trust on the Spanish Ridge Property ("Notice of Breach") evidencing the FDIC's intention to foreclose on the Spanish Ridge Property. The Notice of Breach on its face failed to describe the deficiency in performance or payment under the Spanish Ridge 1 Loan, i.e., the Notice of Breach did not describe the amount required to cure the default of the Spanish Ridge 1 Loan.

13. Shortly thereafter, BAGH, through its manager, requested and obtained a Redemption Worksheet from Nevada Title Company for the Spanish Ridge 1 Loan.

14. The Redemption Worksheet indicated that BAGH would have to pay a cure amount of $316,977.56 in order to bring the Spanish Ridge 1 Loan current.

15. On June 11, 2010, the FDIC sent BAGH a Loan Payment Notice which states that a cure amount of $205,823.90 would be required by BAGH in order to bring the Spanish Ridge 1 Loan current.

16. The FDIC has since asserted that the cure amount is $354,588.21.

17. None of the cure amounts proffered by the FDIC applies the $40,376.94 payment made by BAGH on or around October 15, 2009, to the August and September 2009 payment, nor do the cure amounts proffered by the FDIC take into account the FDIC's written representation

on or around October 14, 2009 that the $40,376.94 payment would bring the Spanish Ridge 1 Loan current at that time.

18.   It is BAGH's position that the actual cure amount required to bring the Spanish Ridge 1 Loan current is $166,440.76.  This amount is colorable and appears to be reasonable on its face based on the evidence proffered to this Court at this stage of the litigation.

19.   Although BAGH has requested that the FDIC provide the actual cure amount, the FDIC has failed to provide a cure amount that takes into account BAGH's $40,376.94 payment on or around October 15, 2009, or that takes into account the FDIC's failure to exercise its option to assess default interest prior to April 12, 2010.

20.   BAGH deposited $166,440.76 in cash into an interest bearing escrow account at Nevada Title Company on June 30, 2010, which account is under this Court's jurisdiction (the "Nevada Title Company Escrow Account").

21.   NRS 107.080(3)(a) provides in part that a lender may not accelerate a loan secured by real property until 35 days after a notice of breach and election to sell has been recorded and sent to the borrower.

22.   NRS 107.080(3) requires in part that the notice of breach and election to sell "describe the deficiency in performance or payment and may contain a notice of intent to declare the entire unpaid balance due if acceleration is permitted by the obligation secured by the deed of trust. . . ."

23.   Because the FDIC has not provided BAGH with the amount required to bring the Spanish Ridge 1 Loan current, it appears that the FDIC is attempting to collect money it is not owed and is attempting to improperly accelerate the Spanish Ridge 1 Loan.

24.   Furthermore, the FDIC has indicated to this Court that in the event BAGH overpays to bring the Spanish Ridge 1 Loan current, or in the event that the FDIC improperly

accelerates and/or forecloses upon the Spanish Ridge 1 Loan, that BAGH will be without a substantive remedy against the FDIC, i.e., that BAGH will suffer irreparable harm.

25. The balance of hardship weighs in favor of BAGH because as the beneficiary of the Spanish Ridge 1 Loan deed of trust, the FDIC is required under NRS 107.080 to provide BAGH with the proper cure amount required to bring the Spanish Ridge 1 Loan current.

26. The Court further finds that the sum of $166,440.76, which amount was deposited in cash by BAGH in an interest bearing escrow account at Nevada Title Company on June 30, 2010, within the 35-day cure period, shall remain as adequate security for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined by this Order.

27. The Court further finds that BAGH's cash bond of $166,440.76, deposited in the Nevada Title Company Escrow Account within the 35-day statutory cure period, stays the running of the 35-day statutory cure period.

28. The Court further finds that BAGH will deposit its monthly payments of $19,696.07 into the Nevada Title Company Escrow Account which will thereby provide additional security for this preliminary injunction and any damages that may be assessed in this case.

Good cause appearing, it is

ORDERED that Plaintiffs' Emergency Motion for a Preliminary Injunction be and the same is granted. And it is further

ORDERED, until further order of this Court, that Defendant Federal Deposit Insurance Corporation is enjoined from: (1) taking the position that the foreclosure proceeding on the Spanish Ridge 1 Loan was not cured within the 35-day statutory cure period on June 30, 2010; or (2) attempting to accelerate the principal amount due under the Spanish Ridge 1 Loan (Loan No. 9011020396). And it is further

1    ORDERED that the 35-day statutory cure period set out in NRS 107.080 is hereby
2 stayed. And it is further
3    ORDERED that Plaintiffs' cash bond of $166,440.76 (and all future payments), deposited
4 into the Nevada Title Company Escrow Account, will remain subject to further order of this
5 Court and will serve as adequate security for this preliminary injunction. And it is further
6    ORDERED that Plaintiff Bel Air Grand Holdings, LLC will deposit its monthly payment
7 of $19,696.07 for the Spanish Ridge 1 Loan into the Nevada Title Company Escrow Account to
8 serve as additional security for this preliminary injunction.
9    ISSUED this 19 day of July, 2010.

_____
UNITED STATES DISTRICT COURT JUDGE
JAMES C. MAHAN

Respectfully submitted by:

BAILEY❖KENNEDY

By: _____
CRAIG A. HENDERSON
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148
(702) 562-8820 Telephone
(702) 562-8821 Facsimile

Attorneys for Plaintiffs
BEL AIR GRAND HOLDINGS, LLC,
THE JRB-TAT BAILEY FAMILY TRUST
and JOHN R. BAILEY, P.C.