CRAIG A. HENDERSON
Nevada Bar No. 10077
BAILEY❖KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148
(702) 562-8820 Telephone
(702) 562-8821 Facsimile
CHenderson@BaileyKennedy.com

Attorneys for Plaintiffs
BEL AIR GRAND HOLDINGS, LLC,
THE JRB-TAT BAILEY FAMILY TRUST
and JOHN R. BAILEY, P.C.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BEL AIR GRAND HOLDINGS, LLC, a Nevada limited liability company; The JRB-TAT BAILEY FAMILY TRUST, a Nevada trust; and JOHN R. BAILEY, P.C., a Nevada professional corporation,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for COMMUNITY BANK OF NEVADA,<br><br>　　　　　　　　Defendant. | Case No.: 2:10-cv-00063-JCM-LRL<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION [PROPOSED]** |

　　　　Plaintiffs Bel Air Grand Holdings, LLC, the JRB-TAT Bailey Family Trust, and John R. Bailey, P.C. (collectively "Plaintiffs"), and Defendant Federal Deposit Insurance Corporation ("Defendant"), by and through counsel, hereby stipulate and agree pursuant to Fed. R. Civ. P. 26(c) and 29 that the use and handling of "Confidential Information" and "Highly Confidential Information" as herein obtained or used in connection with the above-captioned proceeding (the "Case") shall be governed by the provisions set forth below.

Plaintiffs and Defendant are each a "Party" and are collectively referred to as the "Parties." The Party producing Confidential Information or Highly Confidential Information, as described infra, is hereinafter referred to as the "Designating Party," the Party receiving the produced Confidential Information or Highly Confidential Information is hereinafter referred to as the "Receiving Party."

1.  **Confidential Information.** In providing or revealing discovery materials, the Designating Party may designate appropriate material as "CONFIDENTIAL – Subject to Protective Order" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which constitutes trade secrets, proprietary data, marketing information, or highly personal information which the Designating Party maintains in confidence and believes in good faith that unprotected disclosure might result in injury to the privacy rights or contractual rights of the individuals or entities that the Designating Party represents or might result in economic competitive injury to the Designating Party.

By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Fed. R. Civ. P. 26(g).

2.  **Highly Confidential Information and Use of Highly Confidential Information.** In providing or revealing discovery materials, the Designating Party may designate appropriate material as "HIGHLY CONFIDENTIAL –Subject to Protective Order – ATTORNEYS' EYES ONLY." Highly Confidential Information comprises otherwise Confidential Information and which constitutes: (1) the Designating Party's private financial information relevant to and produced in response to punitive damage discovery requests; (2) the Designating Party's proprietary or trade secret information wherein the Designating Party and

1  Receiving Party are direct competitors such that the disclosure to Receiving Party would put the
2  Designating Party at a severe competitive disadvantage; or (3) any other category of particularly
3  confidential information agreed upon by the respective counsel for the Designating Party and
4  Receiving Party in writing or otherwise ordered by the Court pursuant to Fed. R. Civ. P. 26(c).
5        In the event discovery materials are designated as "HIGHLY CONFIDENTIAL Subject
6  to Protective Order – ATTORNEYS' EYES ONLY," the Designating Party's intent is to limit
7  the review of, and the communication of the specific contents contained on or in, said materials
8  to counsel for the Receiving Party only – the party or parties represented by counsel for the
9  Receiving Party are precluded from access to, review of, and/or communication from counsel for the
10 party or parties regarding the specific contents of, the discovery materials so marked. Absent a Court
11 order, the items designated as "HIGHLY CONFIDENTIAL – Subject to Protective Order –
12 ATTORNEYS' EYES ONLY" may be reviewed by the Receiving Party's attorneys, but not by the
13 Receiving Party.
14       By designating a document, thing, material, testimony or other information derived
15 therefrom as "Highly Confidential," under the terms of this order, the party making the
16 designation is certifying to the court that there is a good faith basis both in law and in fact for the
17 designation within the meaning of Fed. R. Civ. P. 26(g).
18     3.   **<u>Designation of Confidential Information or Highly Confidential Information.</u>**
19 If the Designating Party produces Confidential Information or Highly Confidential Information,
20 all copies of such documents or things or responses or portions thereof deemed to be confidential
21 shall be marked "CONFIDENTIAL – Subject to Protective Order" and treated as confidential or
22 shall be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – Subject to
23 Protective Order" and treated as highly confidential as set forth in Paragraph 2.
24 Stamping the legend "CONFIDENTIAL – Subject to Protective Order" or "HIGHLY
25 CONFIDENTIAL – Subject to Protective Order – ATTORNEYS' EYES ONLY" on the cover

of any multi – page document shall designate all pages of the document as confidential, or highly confidential, as the case may be, unless otherwise indicated by the Designating Party.

4. **Use of Confidential Information or Highly Confidential Information.** All Confidential Information or Highly Confidential Information designated or marked as provided herein shall be used by the Parties solely for the purposes of prosecuting, defending, settling, or enforcing and/or collecting any judgment entered in this action, and shall not be disclosed to anyone other than as provided herein and shall be handled in the manner set forth herein until such designation is removed by the Designating Party or by order of the presiding Court in this matter, as well as any other court handling appeals therefrom ("Court"). Nothing herein shall preclude the Producing Party from using its own Confidential Information or Highly Confidential Information. The use of Highly Confidential Information shall be subject to the provisions of Paragraph 2.

5. **Use of Confidential Information or Highly Confidential Information in Depositions.** The Parties shall have the right to use Confidential Information or Highly Confidential Information during depositions only in accordance with the terms of this Order, including Paragraph 2 with respect to Highly Confidential Information. At any deposition session, upon inquiry with regard to the content of a document marked CONFIDENTIAL Subject to Protective Order" or "HIGHLY CONFIDENTIAL – Subject to Protective Order ATTORNEYS' EYES ONLY" or whenever counsel for the Designating Party deems that the answer to the question may result in the disclosure of Confidential Information or Highly Confidential Information, or whenever counsel for the Designating Party deems that the answer to any question has resulted in the disclosure of Confidential Information or Highly Confidential Information, the deposition (or portions thereof) may be designated by the Designating Party as containing Confidential Information or Highly Confidential Information subject to the provisions of this Order. Counsel for the Designating Party may direct that the question and answer be

transcribed separately from the remainder of the deposition and marked "CONFIDENTIAL – Subject to Protective Order" or "HIGHLY CONFIDENTIAL – Subject to Protective Order – ATTORNEYS' EYES ONLY." When such direction has been given, the testimony shall be disclosed only to those individuals specified herein, and the information contained therein shall be used only as specified herein. Counsel for the Designating Party may also request that all persons not qualified under this Order to have access to the Confidential Information or Highly Confidential Information leave the deposition room during the confidential portion of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question seeking the revelation of Confidential Information or Highly Confidential Information. Counsel must designate portions of a deposition transcript as confidential or highly confidential within thirty (30) days of receiving the transcript, or within 30 days of entry of this order, whichever is latest. Designations may be made by letter to counsel of record. Portions of deposition transcripts so designated shall be treated as Confidential Information or Highly Confidential Information by the parties as set forth herein. During the thirty (30) day period, the entire transcript shall be treated as confidential. If no confidential designations are made within the thirty (30) day period, the entire transcript shall be considered non – confidential.

6. **Disclosure of Confidential Information.** Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court and to the persons designated below:

(a) Counsel for the Parties (the Parties' undersigned counsel of record, including attorneys associated with the such counsel's law firm and the paralegal, clerical, and secretarial staff employed by such counsel);

  (b) A party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, settlement, or the enforcement and collection of any judgment which may be entered in this action;

  (c) Outside experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, settlement, or the enforcement and collection of any judgment which may be entered in this action;

  (d) Court reporter(s) employed in this action;

  (e) A witness at any deposition or other proceeding in this action; and

  (f) Any other person as to whom the Parties to this Stipulation and Protective Order in writing agree.

  Prior to receiving any Confidential Information, each such person other than those persons designated in subsections (a) and (d) of this paragraph above, shall be provided with a copy of this Stipulation and Order and shall execute a nondisclosure agreement acknowledging the terms of this Stipulation and Order and agreeing to be bound thereby in the form of Attachment A. A copy of the acknowledgement executed by a person designated in subsections (c), (e) and (f) above shall be provided to the Designating Party five (5) business days prior to the disclosure. The Designating Party may object to the disclosure in writing prior to the date of intended disclosure. If the objection cannot be resolved, the objecting party will have ten (10) days from the initial date of the intended disclosure to move the Court for an order barring the individual from access to Confidential Information. No disclosure will be made to the challenged individual until the objection is resolved either consensually between the Parties or by the Court.

  The Parties hereby stipulate and agree that the Magistrate Judge shall be the final determiner of issues pertaining to this section. The Court and any Court staff will not be required to sign any non – disclosure agreement prior to receiving any information classified as Confidential Information.

7.  **<u>Filing of Confidential Information With the Court.</u>** Any Confidential Information or Highly Confidential Information which is filed with the Court, including transcripts of depositions or portions thereof, documents produced in discovery, information obtained from inspection of premises or things, exhibits and all other documents which have previous thereto been designated as containing Confidential Information or Highly Confidential Information in any pleading or memorandum reproducing or paraphrasing or containing such information, shall be filed and maintained in compliance with Fed. R. Civ. P. 5.2.

8.  **<u>Knowledge of Unauthorized Use or Possession.</u>** The Receiving Party or their counsel shall immediately notify the Designating Party in writing if such Receiving Party learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Information or Highly Confidential Information. The Receiving Party shall promptly furnish the Designating Party the full details of such possession, knowledge, use or disclosure. The Receiving Party shall assist the Designating Party in preventing the recurrence of such unauthorized possession, knowledge, use or disclosure and shall cooperate fully with the Designating Party in any litigation against any person to protect the Confidential Information and the Highly Confidential Information.

9.  **<u>Copies, Summaries or Abstracts.</u>** No copies, summaries or abstracts of the Confidential Information or Highly Confidential Information shall be made other than any such limited materials reasonably needed by the Parties, their counsel or their experts (subject to Paragraph 6) for the sole purposes of use in the above-captioned Case. Any such copies, summaries or abstracts shall be marked "Confidential" or "Highly Confidential" and shall be considered Confidential Information or Highly Confidential subject to the terms and conditions of this Order.

10. **<u>Information Not Confidential.</u>** The restrictions set forth in this Order shall not be construed:

   (a) To preclude any party or its attorneys of record from making use of information which was lawfully in their possession prior to the approval by the Court of this Order and/or production by the Designating Party; or

   (b) To apply to information or other materials that have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party; or

   (c) To apply to information or other materials that, under law. have been declared to be in the public domain.

   For purpose of this Stipulation and Order "tax returns" cannot be declared as information in the public domain, unless such returns have been made publicly available pursuant to state or federal law or otherwise have voluntarily been made publicly available by such tax payer.

   Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action and designated Confidential Information or Highly Confidential Information hereunder, or from disclosing its own Confidential Material or Highly Confidential Information, as it deems appropriate.

   **11.** **Challenges to Designations.** If, during the pendency of this litigation, counsel for the Receiving Party: (1) disagrees with the designation of any information or materials designated as Confidential Information or Highly Confidential Information; (2) or believes that it is necessary or appropriate to disclose Confidential Information or Highly Confidential Information to persons 'other than those permitted by this Order; and/or (3) finds it necessary to seek a Court determination on an expedited basis from the general notice and timing provisions under this Agreement, the Receiving Party's counsel may make an appropriate application to this Court requesting that: (a) the specific documents, information, and/or deposition testimony be excluded from the provisions of this Order; (b) the Confidential Information or Highly

1 Confidential Information be made available to specified other persons; and/or (c) the Court issue
2 an expedited determination. With the exception of a party seeking relief pursuant to subsection
3 (c) of this section, Counsel for the Designating Party shall be given ten (10) days notice to object
4 to the challenge made by the Receiving Party under this section. The party claiming
5 confidentiality shall have the initial burden of establishing confidentiality.

6 The Parties hereby stipulate and agree that the Magistrate Judge shall be the final
7 determiner of issues pertaining to this section.

8     **12.**     **No Waiver of Challenges to Designations.** Neither party shall be obligated to
9 challenge the propriety of a "Confidential" or "Highly Confidential" designation, and a failure to
10 do so promptly shall not preclude a subsequent attack on the propriety of such designation.
11 Nothing herein shall constitute a waiver by the Receiving Party of its right to challenge a
12 changed designation or identified error in the designation of certain information as Confidential
13 Information or Highly Confidential Information.

14     **13.**     **Use in Court.** In the event that any Confidential Information or Highly
15 Confidential Information is used in any Court proceeding in this action, it shall not lose its
16 confidential status through such use, and the Parties shall take all reasonable steps to maintain its
17 confidentiality during such use, including, without limitation, moving that the Court seal any
18 transcript with respect to such proceeding.

19     **14.**     **No Waiver Regarding Confidential Nature of Information.** This Order is
20 entered solely for the purpose of facilitating the production of documents and information by the
21 Parties without involving the Court unnecessarily in the process. Nothing in this Order nor the
22 production of any information or document under the terms of this Order, nor any proceedings
23 pursuant to this Order, shall be deemed to have the effect of an admission or a waiver by the
24 Parties or of altering the confidentiality or the non-confidentiality of any such document or
25 information or altering any existing obligation of any Party or the absence thereof. Entry of this

Order does not preclude the Parties from seeking or opposing additional protection for particular information, nor does consent to entry of this Order constitute an admission that any particular proposed consultant is or is not an appropriate person to receive Confidential Information.

15. **No Waiver of Privilege.** This Order will not prejudice the right of a Party to oppose production of any information on the ground of attorney-client privilege, work product privilege or any other privilege or protection provided under applicable law.

16. **Return or Destruction of Information.** Within thirty days after entry of final judgment including appeals, or of dismissal with prejudice in connection with this action, all documents and things, including transcripts of depositions or of trial, together with all copies thereof, which have been designated as Confidential Information or as Highly Confidential Information, shall be returned to the Designating Party.

17. **Injunctive Relief Available.** Each Party to this Stipulation and Protective Order acknowledges that monetary remedies are inadequate to protect Confidential Information and Highly Confidential Information and that injunctive relief shall be appropriate to protect such rights.

18. **Attorneys' Fees.** Should litigation arise concerning the designation of Confidential Information or Highly Confidential Information, the terms and/or the conditions of this Agreement, or in the breach of the same, in addition to any other relief or award available under the Federal Rules of Civil Procedure or the local rules of the United States District Court, District of Nevada, the prevailing Party shall be entitled to reasonable attorneys' fees and costs in an amount awarded by the Court. With regard to the designation of Confidential Information or Highly Confidential Information or challenge of such designation, fees and costs shall only be awarded upon a finding by the Court that the designating party had no justifiable basis for the designation.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

19. **Amendment.** This Agreement may be amended by the written agreement of counsel for the Parties, which shall be submitted to for approval by the Court in this action.

20. **Order Survives Termination.** This Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

1 | Prepared and submitted by:

2 | BAILEY❖KENNEDY

3

4 | By: /s/ Craig A. Henderson
     CRAIG A. HENDERSON
5    8984 Spanish Ridge Avenue
     Las Vegas, Nevada 89148
6    (702) 562-8820 Telephone
     (702) 562-8821 Facsimile
7
Attorneys for Plaintiffs
8 | BEL AIR GRAND HOLDINGS, LLC,
THE JRB-TAT BAILEY FAMILY TRUST
9 | and JOHN R. BAILEY, P.C.

10

11 | SYLVESTER & POLEDNAK, LTD.

12

13 | By: /s/ Allyson R. Noto
     JEFFREY R. SYLVESTER, ESQ.
14   ALLYSON R. NOTO, ESQ.
     7371 Prairie Falcon Road, Suite 120
15   Las Vegas, Nevada 89128
     (702) 952-5200 Telephone
16   (702) 952-5205 Facsimile
     jeff@sylvesterpolednak.com
17   james@sylvesterpolednak.com

18
Attorneys for Defendant
19 | FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR COMMUNITY BANK OF
20 | NEVADA, INC.

21

22

23 | **IT IS SO ORDERED.**

24   _____
     UNITED STATES MAGISTRATE JUDGE
25   DATED: June 16, 2011

## ATTACHMENT A

### NON-DISCLOSURE AGREEMENT

1. I have read the STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION (the "Confidentiality Order") attached hereto.

2. I agree that my signature below manifests that I understand and acknowledge the terms and provisions of the Confidentiality Order, and that I agree to be bound by those terms and provisions.

3. I declare under the penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

EXECUTED this _____ day of _____, 201____ in _____.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821